Derek Jordan
BARNES LAW
601 South Figueroa Street, Suite 4050
Los Angeles, CA 90017
(310) 510-6211 – Main
(310) 510-6225 – Fax
derekjordan@barneslawllp.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TURKEISHA DOUGLASS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CHATTANOOGA, TENNESSEE & ANDY BERKE, MAYOR.<br><br>Defendants. | CASE NO.<br>JURY DEMAND |

### FEDERAL CIVIL RIGHTS COMPLAINT WITH JURY DEMAND

COMES NOW, the above-named Plaintiff by and through her attorney of record, Robert E. Barnes, alleges and shows claims for relief as follows:

1

## I. INTRODUCTION

This is a federal civil rights action under the First Amendment to the United States Constitution, Title 42 of the United States Code, Section 1983, and the Tennessee Constitution. Plaintiff brings this action to obtain injunctive relief, attorneys' fees, costs, and other equitable relief for the deprivation of rights of TURKEISHA DOUGLASS who was unlawfully prohibited from attending church services by an overbroad, unlawful, and unconstitutional directive of Chattanooga Mayor Andy Berke as adopted and enforced by The City of Chattanooga.

## II. JURISDICTION AND VENUE

1. Jurisdiction exists pursuant to 28 U.S.C. §1331 and §1343 based on 42 U.S.C. §1983 and questions of federal and state constitutional law.

2. Venue is proper in the Eastern District pursuant to Title 28 of the United States Code, §1391(b) as all the events and conduct complained herein occurred in the Eastern District.

## III. PARTIES

3. Plaintiff TURKEISHA DOUGLASS (DOUGLASS) is an individual over the age of majority who is a resident of Chattanooga, Tennessee, and attends church in Chattanooga, where her church planned on a drive-in Easter Sunday service, and intended future such services, until Mayor Berke ordered no such services occur.

4. Defendant CITY OF CHATTANOOGA (THE CITY) is a municipality in the State of Tennessee.

5. Defendant ANDY BERKE (THE MAYOR), and/or his successors in interest, was the mayor of the CITY OF CHATTANOOGA during all times material.

## IV, FACTUAL BACKGROUND

6. COVID-19 is an infectious disease affecting the respiratory system, which was first identified in 2019, in Wuhan, China. Since then, it spread globally and is now present in all 50 states.

7. The COVID-19 virus spreads through close, continuous contact in confined quarters via respiratory droplets produced when people cough or sneeze, but is not generally airborne, and more than 80% of people will not get infected even when exposed. The evidence shows the risk of death from infection of the virus transmitted to people while driving, transmitted in open air in public parks or on public streets, transmitted while shopping in stores or restaurants, or transmitted anywhere outside a confined setting, is negligible to non-existent, and substantially less than dying or suffering serious injury from a car accident, bike accident, or from medical error.

8. No virus infects more than a small percentage of the population in an infected area over a short time period, as even the worst virus in the last century, the Spanish Flu, required three years and multiple variants to even reach a third of an area population. Amongst the small minority of people infected, many will be asymptomatic. Amongst the very few who get infected and ill, all but a small minority will suffer no disabling or debilitating conditions or symptoms. The risk of death from the virus for the working age population under 65 years of age without serious underlying medical conditions is less than the risk from driving a car for a year on American streets and highways.[1]

---

[1] https://www.livescience.com/death-rate-lower-than-estimates.html

9. There is no evidence that drive-in church services pose any real risk of serious illness or death, and THE CITY allows drive-in liquor store services, drive-in fast food store services, drive-in lottery ticket purchases, and in-person store services for liquor and lottery tickets, in a discriminatory disparate treatment of church services disallowing their peaceable, safe assembly, within social distancing guidelines for like activity.

10. On or about April 2, 2020, THE MAYOR, as Chief Executive of THE CITY, issued EXECUTIVE ORDER 2020-06, as adopted by THE CITY as an official policy, or custom.

11. EXECUTIVE ORDER 2020-06 as adopted was a Shelter at Home order[2], that included any gathering of ten or more people, but exempted "essential businesses" that "provide goods and services exclusively…through curbside pickup, drive-thru shipment or delivery" as long as Chattanoogans "still adhere to the social distancing requirements to the greatest extent possible."[3]

12. EXECUTIVE ORDER 2020-06 is officially adopted as THE CITY's policy, custom or procedure.

13. DOUGLASS attends the First Church of the Nazarene, located within the city limits of Chattanooga, Tennessee.

14. DOUGLASS planned to attend the First Church of the Nazarene's Easter Sunday services to be held on April 12, 2020, via a "drive through" service, where attendees would congregate but stay in their cars and listen to the live broadcast of the service over their radio.

15. Many other Christian churches in Chattanooga had planned similar services for Easter Sunday.

---

[2] https://connect.chattanooga.gov/wp-content/uploads/2020/04/Executive-Order-2020-06.pdf
[3] https://connect.chattanooga.gov/covid/covid-19-faqs/

4

16. On April 10, THE MAYOR, issued a directive that relates to EXECUTIVE ORDER 2020-06 that churches are further prohibited from holding drive-in worship services, specifically on Easter Sunday.



17. THE MAYOR's April 10th directive included a prohibition against Easter Sunday "drive in" worship services as a "violation of our directives".

18. THE MAYOR's April 10th directive, modifying EXECUTIVE ORDER 2020-06, is adopted by THE CITY as an official policy, custom or procedure.

19. Easter Sunday is one of Christianity's most important days of worship as it celebrates the resurrection of the Christ figure culminating in the fulfillment of the associated prophecies fundamental to the belief structure of most Christians.

20. Like Christmas, Easter Sunday is a celebration of events that are the foundation of Christianity.

21. Christianity is the most adhered to religion in the United States and the State of Tennessee, with more than 80% of Tennesseeans polled as affiliated with Christianity[4]

---

[4] See: https://www.usnews.com/news/best-states/slideshows/10-most-religious-states-in-america

22. THE MAYOR's directive, as adopted and enforced by THE CITY, prohibited DOUGLASS and many other Chattanooga Christians, from a joint celebration of a fundamental pillar of their faith, even in the context of "drive in" services where church goers would be maintaining mandated social distancing by being isolated from each other in their cars.

23. To enforce THE MAYOR's policies disallowing Easter Sunday services of any sort, THE CITY's police department was quoted by Chattanooga News Channel 9 that "…if [the police] do get reports or complaints about those violating [THE MAYOR's] order, they will respond to the situation accordingly."[5]

24. As a result of THE MAYOR's directives, as adopted by and threatened to be enforced by THE CITY, many, if not all, places of Christian worship like The First Church of the Nazarene, cancelled their planned drive-thru Easter Sunday services.

25. As a result of THE MAYOR's directive, as adopted by and threatened to be enforced by THE CITY, churches were singled out while no other drive-thru businesses or services were affected as long as they adhered to mandated social distancing.

26. As a result of THE MAYOR's directives, as adopted by and threatened to be enforced by THE CITY, many including DOUGLASS, whose fundamentally held religious beliefs to jointly worship on Easter Sunday, or any Sunday or holy day, have been irreparably impeded.

---

[5] See: https://newschannel9.com/news/local/chattanooga-churches-prohibited-from-drive-in-easter-services-after-mayor-berkes-order

# V. FIRST CAUSE OF ACTION

Title 42, United States Code, Section 1983

Deprivation of the Right of Free Exercise of Religion

27. Plaintiff re-alleges, and reincorporates by reference, the allegations of the preceding paragraphs as though fully stated herein.

28. 42 U.S.C. § 1983 provides in pertinent part that: Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

29. The First Amendment of the Constitution protects the "free exercise" of religion. *W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624 (1943).

30. Fundamental to this right is the protection of the right to gather and worship.

31. The Free Exercise clause was incorporated against the states in *Cantwell v. Connecticut*, 310 U.S. 296 (1940).

32. Defendants THE MAYOR and THE CITY by adopting and enforcing THE MAYOR's policy prohibited drive-thru religious services, threatened criminal penalties for holding such services, and substantially burdened Plaintiff's religious exercise.

33. The Supreme Court declared that "a law burdening religious practice that is not neutral or not of general application must undergo the most rigorous of scrutiny." *Church

7

*of the Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520 (1993). The minimum requirement of neutrality is that the law must not discriminate on its face." *Id*. at 533.

34. THE MAYOR and THE CITY, by adopting and enforcing THE MAYOR's policy, have specifically and explicitly targeted so-called drive-thru religious gatherings, specifically on Easter, and thus are not neutral on their face.

35. The policy of disallowing drive-thru services is not generally applicable as many establishments with similar drive-thru policies are specifically excluded from THE MAYOR's policy as enacted by THE CITY.

36. Requiring DOUGLASS, and other similarly situated people of religious beliefs, to abstain from all religious gatherings, particularly one as important as Easter Sunday services, despite substantial modifications to satisfy the health interests at stake, violates Plaintiff's Constitutional right to free exercise of religion.

## VI. SECOND CAUSE OF ACTION

Title 42, United States Code, Section 1983

Deprivation of the Right of Freedom of Assembly

37. Plaintiff re-alleges, and incorporates by reference, the allegations of the preceding paragraphs as though fully stated herein.

38. The First Amendment to the Constitution protects the right of the people to peaceably assemble and this right was incorporated against the states in *De Jonge v. Oregon*, 299 U.S. 353 (1937).

39. By denying DOUGLASS, and other similarly situated people of religious beliefs, the right to peaceably assemble via a drive-thru church service, Defendants are in violation of the Freedom of Assembly Clause.

40. Defendants are required to meet "strict scrutiny" and the policy can only be justified if it furthers a compelling government purpose and only if no less restrictive alternative is available. See: *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1 (1973).

41. Neither THE MAYOR's policy, nor THE CITY's adoption of said policy, can meet the no-less-restrictive test.

42. THE MAYOR's policy, and THE CITY's adoption of said policy, targets only churches, specifically on Easter Sunday, and specifically their drive-thru services, and is not the least restrictive means of achieving the public safety goals of the policy.

## VII. THIRD CAUSE OF ACTION

Tennessee Code Annotated 4-1-407

Deprivation of the Right to Free Exercise of Religion

43. Plaintiff re-alleges, and incorporates by reference, the allegations of the preceding paragraphs as though fully stated herein.

44. Tennessee Code Annotated § 4-1-407(c)(1) states in pertinent part that "[n]o government entity shall substantially burden a person's free exercise of religion unless it demonstrates that application of the burden to the person is: (1) Essential to further a compelling governmental interest; and (2) The least restrictive means of furthering that compelling governmental interest.'

9

45. For the same reasons set forth in Section V, requiring Plaintiff to abstain from her religious gatherings, despite substantial modifications to satisfy the public health interests at stake, violates Plaintiff's free exercise rights under the Tennessee and Federal Constitution.

## VIII. FOURTH CAUSE OF ACTION

Tennessee Code Annotated 4-1-407

Deprivation of the Right to Freedom of Assembly

46. Plaintiff re-alleges and incorporates by reference, the allegations of the preceding paragraphs as though fully stated herein.

47. For the same reasons set forth in Section VI, requiring Plaintiff to abstain from her religious gatherings, despite substantial modifications to satisfy the public health interests at stake, violates Plaintiff's rights to Freedom of Assembly under the Tennessee and Federal Constitution.

## DEMAND FOR JUDGMENT/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff asks this Court:

A. To issue a preliminary injunction, and ultimately a permanent injunction, restraining Defendants, their officers, agents, servants, employees, and attorneys, and any persons in active concert or participation with them, from enforcing or complying with his directive banning drive-thru church service;

B. To enter a judgment declaring that Defendants have unlawfully burdened Plaintiff's religious free exercise and assembly rights in violation of the First Amendment to the United States Constitution;

C. To enter a judgment declaring that Defendants have unlawfully burdened Plaintiff's religious free exercise and assembly rights in violation of the Tennessee Constitution;

D. To award plaintiffs their attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and

E. To grant such other and further relief as the Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL OF THIS ACTION ON ALL ISSUES SO TRIABLE.**

Dated this 17TH day of April 2019

        BARNES LAW

        s/ Derek Jordan
        Derek Jordan
        BARNES LAW
        601 South Figueroa Street, Suite 4050
        Los Angeles, CA 90017
        (310) 510-6211 – Main
        (310) 510-6225 – Fax
        derekjordan@barneslawllp.com
        *Attorneys for Plaintiff*