UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TURKEISHA DOUGLASS, | : |
| Plaintiff, | : |
| vs. | : CASE NO. 1:20-CV-00101 |
| CITY OF CHATTANOOGA, TENNESSEE and ANDY BERKE, MAYOR, | : |
| Defendants. | : |

**ANSWER OF CITY OF CHATTANOOGA, TENNESSEE AND ANDY BERKE, MAYOR**

Come now the City of Chattanooga, Tennessee, and Andy Berke, Mayor (collectively the "City") and file this Answer to Plaintiff's Complaint.

**FIRST DEFENSE**

Plaintiff fails to state a claim for which relief can be granted.

**SECOND DEFENSE**

In answer to Plaintiff's specific allegations, City responds as follows:

**I.      INTRODUCTION**

City admits Plaintiff has filed an action under 42 U.S.C. § 1983 and the Tennessee Constitution. City denies any violation of law or that Plaintiff is entitled to any relief in this action.

**II.     JURISDICTION AND VENUE**

1. City admits the allegations of paragraph 1.

2. City admits the allegations of paragraph 2.

### III. PARTIES

3. City is without sufficient information to form a belief as to the allegations of Paragraph 3 and therefore denies those allegations.

4. City admits the allegations of paragraph 4.

5. City admits the allegations of paragraph 5.

### IV. FACTUAL BACKGROUND

6. City admits the allegations of paragraph 6.

7. City denies the allegations of paragraph 7. City avers that the epidemiology surrounding COVID-19 is still developing and such things as rates and risks of infection are not known with certainty at this time other than the fact that COVID-19 is highly infectious and very dangerous to a substantial portion of the population.

8. City is without information sufficient to form a belief as to the general allegations regarding an undefined "virus" and therefore denies those allegations. City avers that the epidemiology surrounding COVID-19 is still developing and such things as rates and risks of infection are not known with certainty at this time other than the fact that COVID-19 is highly infectious and very dangerous to a substantial portion of the population.

9. City denies the allegations of paragraph 9.

10. City admits the allegations of paragraph 10.

11. City states that EXECUTIVE ORDER 2020-06 speaks for itself and denies any allegations inconsistent with the express terms thereof.

12. City admits the allegations of paragraph 12.

13. City is without information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies those allegations.

14. City is without information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefor denies those allegations.

15. City is without information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies those allegations.

16. The Mayor's personal social media postings speak for themselves and City denies all allegations inconsistent with the express terms published therein. The Mayor has a First Amendment right to his opinions and beliefs regarding testing limitations which were experienced by the City of Chattanooga before Easter Sunday and the lack of any local Health Department Guidelines at that time. City denies that the Mayor's personal postings constitute a directive from the City or a custom or policy of the City. The City can only act through formal actions such as Ordinances, Resolutions and Executive Orders.

17. The Mayor's personal social media postings speak for themselves and City denies all allegations inconsistent with the express terms published therein. The Mayor has a First Amendment right to his opinions and beliefs regarding testing limitations which were experienced by the City of Chattanooga before Easter Sunday and the lack of any local Health Department Guidelines at that time. City denies that the Mayor's personal postings constitute a directive from the City or a custom or policy of the City. The City can only act through formal actions such as Ordinances, Resolutions and Executive Orders.

18. City denies the allegations of paragraph 18.

19. City admits Easter Sunday is an important date in the Christian calendar. City is without information sufficient to form a belief as to Plaintiff's assertions about the meaning of Easter Sunday and City avers such meaning varies within the Christian tradition and among individual Christians.

20. City admits Easter Sunday is an important date in the Christian calendar. City is without information sufficient to form a belief as to Plaintiff's assertions about the meaning of Easter Sunday and City avers such meaning varies within the Christian tradition and among individual Christians.

21. City admits that Christianity is the majority religion professed in the United States and Tennessee but is without sufficient information to form a belief as to Plaintiff's specific claims about the popularity of the Christian faith.

22. City denies the allegations of paragraph 22.

23. City denies the allegations of paragraph 23. City avers that no enforcement guidance was given to the Chattanooga Police Department; no monitoring of the Executive Order in relation to drive-in services took place; and no enforcement action of any kind was undertaken by the City on Easter Sunday or any other time during the COVID-19 pandemic with respect to drive-in services.

24. City is without information sufficient to form a belief as the allegations of paragraph 24 and therefore denies those allegations.

25. City denies the allegations of paragraph 25.

26. City denies the allegations of paragraph 26.

## V. FIRST CAUSE OF ACTION

Title 42, United States Code, Section 1983

Deprivation of the Right of Free Exercise of Religion

27. City restates its responses to paragraphs 1-26.

28. City avers that 42 U.S.C. § 1983 speaks for itself and City denies any allegations inconsistent with the complete express terms thereof.

29. City avers that First Amendment law is a complex and evolving area of law. City admits that subject to this qualification, the First Amendment generally protects the "free exercise" of religion among other things. City denies that it has illegally infringed upon Plaintiff's "free exercise" of religion.

30. City avers that First Amendment law is a complex and evolving area of law. City admits that subject to this qualification, the First Amendment generally protects the "free exercise" of religion among other things. City denies that it has illegally infringed upon Plaintiff's "free exercise" of religion.

31. City avers that First Amendment law is a complex and evolving area of law. City admits that subject to this qualification, the First Amendment generally protects the "free exercise" of religion among other things. City denies that it has illegally infringed upon Plaintiff's "free exercise" of religion.

32. City denies the allegations of paragraph 32.

33. City avers that First Amendment law is a complex and evolving area of law. City admits that subject to this qualification, the First Amendment generally protects the "free exercise" of religion among other things. City denies that it has illegally infringed upon Plaintiff's "free exercise" of religion.

34. City denies the allegations of paragraph 34.

35. City denies the allegations of paragraph 35.

36. City denies the allegations of paragraph 36.

## VI. SECOND CAUSE OF ACTION

Title 42, United States Code, Section 1983

Deprivation of Right of Freedom of Assembly

37. City restates its responses to paragraphs 1-36.

38. City avers that First Amendment law is a complex and evolving area of law. City admits that subject to this qualification, the First Amendment generally protects the right to peaceably assemble among other things. City denies that it has illegally infringed upon Plaintiff's ability to peaceably assemble.

39. City denies the allegations of paragraph 39.

40. City avers that First Amendment law is a complex and evolving area of law. City admits that subject to this qualification, the First Amendment generally protects the right to peaceably assemble among other things. City denies that it has illegally infringed upon Plaintiff's ability to peaceably assemble.

41. City denies the allegations of paragraph 41.

42. City denies the allegations of paragraph42.

## VII. THIRD CAUSE OF ACTION

Tennessee Code Annotated 4-1-407

Deprivation of the Right to Free Exercise of Religion

43. City restates its responses to paragraphs 1-42.

44. Tenn. Code Ann. §4-1-407 (c) (1) speaks for itself and City denies all allegations inconsistent the complete and express terms thereof.

45. City denies the allegations of paragraph 45.

## VIII. FOURTH CAUSE OF ACTION

Tennessee Code Annotated 4-1-407

Deprivation of the Right to Freedom of Assembly

46. City restates its responses to paragraphs 1-45.

47. City denies the allegations of paragraph 47.

## DEMAND FOR JUDGMENT/PRAYER FOR RELIEF

48. City denies that Plaintiff is entitled to any judgment or relief requested.

49. City denies all allegations of the Complaint not expressly admitted herein.

## THIRD DEFENSE

Naming Mayor Andy Berke in his official capacity is redundant as the City is a named defendant. Any claims against Mayor Berke in his official capacity should therefore be dismissed.

## FOURTH DEFENSE

To the extent the Complaint seeks to make a claim against Andy Berke in his capacity as an individual rather than as Mayor of the City of Chattanooga, he is not a proper party to the suit and should be dismissed. In the alternative, Andy Berke's statements as an individual on his personal social media accounts are subject to First Amendment Freedom of Speech protections.

## FIFTH DEFENSE

City denies that the City or the Mayor violated the Plaintiff's constitutional rights or that the City or any of its employees violated the First Amendment to the United States Constitution, 42 U.S.C. §1983 or the Tennessee Constitution in any actions taken toward the Plaintiff.

## SIXTH DEFENSE

The City asserts that the City's actions are in accord with permissible regulations as recognized recently by the Supreme Court in *South Bay United Pentecostal Church, et al. vs. Gavin Newsom, Governor Of California, et al.*, No. 19A1044, 590 U.S. ___ (2020) because the City imposed the same restrictions on comparable secular business during the COVID-19 pandemic due and political entities such as the City are to be given wide latitude in efforts to protect public health in situations such as the COVID-19 pandemic.

## SEVENTH DEFENSE

City denies that any claim by the Plaintiff has occurred as a result of any unconstitutional policy, custom or practice adopted by the City.

## EIGHTH DEFENSE

The City states that it cannot be held liable for any damages asserted by the Plaintiff claimed on the grounds that any alleged injuries sustained by the Plaintiffs were not proximately caused by or directly related to any unconstitutional policy, custom or practice of the City. The City would further specifically assert that it cannot be held liable for the actions of its employees under 42 U.S.C. § 1983 on the basis of *respondeat superior*.

## NINTH DEFENSE

The City will show that City's COVID-19 Executive Order at issue in this suit was legally issued pursuant to the authority provided under Tennessee law during emergencies and does not prohibit drive-in services. The evidence will establish that no monitoring or enforcement action was undertaken or citations issued by any City officials or employees with respect to any drive-in services.

## TENTH DEFENSE

City would submit that it cannot be subject to punitive damages in this case as a matter of law. Mayor Berke would submit that he cannot be subject to any punitive damages in this case as a matter of law for the exercise of his First Amendment rights.

## ELEVENTH DEFENSE

City and Mayor Berke, assert that none of their actions were motivated by anti-religious animus or a desire to limit any First Amendment rights but rather were motivated by legitimate public health concerns and based on the most current epidemiological information then available and were lawful orders under controlling law of Tennessee.

## TWELVETH DEFENSE

City asserts that Plaintiff has suffered no damages.

## THIRTEENTH DEFENSE

City and Mayor Berke assert that there is no proximate causation between any alleged injury of Plaintiff and any alleged act of City.

## FOURTEENTH DEFENSE

City's Executive Order 2020-06 at issue in this suit did not substantially burden any cognizable religious belief and did not prohibit or coerce any act contrary to religious belief; and

the City had a compelling interest in slowing the spread of COVID-19 and protecting the public health during this pandemic and the Executive Order was the least restrictive way to fulfill such compelling governmental interest.

### FIFTEENTH DEFENSE

City denies that the Plaintiff is entitled to recover her attorney's fees pursuant to Tenn. Code Ann. § 4-1-407 (f). City asserts that it is entitled to recover its attorney's fees pursuant to Tenn. Code Ann. § 4-1-407 (f).

### SIXTHTEENTH DEFENSE

City reserves the right to assert any additional defenses which its investigation or discovery reveals may apply to bar in whole or in part any of Plaintiff's claims.

WHEREFORE, having fully answered, City and Mayor Berke pray that the Complaint against them be dismissed with prejudice, with attorney's fees and costs to be assessed against Plaintiff and for such further and general relief to which City and/or Mayor Berke may be entitled.

Respectfully submitted,

CITY OF CHATTANOOGA, TENNESSEE
OFFICE OF THE CITY ATTORNEY


BY: _____/s/ Joseph A. Kelly_____
JOSEPH A. KELLY - BPR #14921
MELINDA J. FOSTER – BPR #28769
*Assistant City Attorneys*
PHILLIP A. NOBLETT – BPR #10074
*City Attorney*
100 E. 11th Street, Suite 200
Chattanooga, TN  37402
(423) 643-8250 – Telephone
(423) 643-8255 – Facsimile

*For Defendants: City of Chattanooga, Tennessee and Andy Berke, Mayor*

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of this pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

       This 5th day of June 2020.

                                                    /s/ Joseph A. Kelly

City of Chattanooga, Tennessee
Office of the City Attorney
100 E. 11th Street, Suite 200
Chattanooga, Tennessee 37402
(423) 643-8250

Page **11** of **11**

Case 1:20-cv-00101-DCLC-CHS   Document 12   Filed 06/05/20   Page 11 of 11   PageID #: 37