UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| TURKEISHA DOUGLASS, | ) | |
| | ) | |
| Plaintiff, | ) | 1:20-CV-00101-DCLC |
| | ) | |
| vs. | ) | |
| | ) | |
| ANDY BERKE, MAYOR; and CITY OF CHATTANOOGA, TENNESSEE, | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the parties' Joint Motion to Enter Agreed Consent Judgment and Decree [Doc. 24]. For the reasons stated below, the parties' Joint Motion [Doc. 24] is **GRANTED**.

**I.   BACKGROUND**

Plaintiff Turkeisha Douglass ("Plaintiff") brought this action against the City of Chattanooga and Andy Berke, the Mayor of Chattanooga ("Defendants") on April 17, 2020, alleging a violation of her federal civil rights under the First Amendment to the United States Constitution, 42 U.S.C. § 1983, and the Tennessee Constitution [*see* Doc. 1]. In her Complaint, Plaintiff alleged that on or about April 2, 2020, Mayor Berke issued Executive Order 2020-06, a "shelter at home" order prohibiting gatherings of ten or more people [*Id.* at ¶ 11]. However, EO 2020-06 exempted essential businesses providing goods and services exclusively through curbside pickup, drive-through shipment, or delivery, so long as residents adhered to social distancing requirements to the extent possible [*Id.*]. Plaintiff attends the First Church of the

1

Nazarene, located within the city limits of Chattanooga, Tennessee, and she planned to attend the church's Easter service on April 12, 2020, which would have been a drive-through service in which attendees would stay in their cars and listen to a live broadcast of the service over their radios [*Id.* at ¶¶ 13-14].

Plaintiff alleged that on April 10, 2020, Mayor Berke issued a directive relating to EO 2020-06 that churches were prohibited from holding drive-in worship services on Easter Sunday [*Id.* at ¶ 16]. In response to Mayor Berke's directive, Plaintiff's church, along with many other places of Christian worship, cancelled their planned Easter Sunday drive-in worship services [*Id.* at ¶ 24]. Plaintiff alleged that as a result of Mayor Berke's directive, "churches were singled out while no other drive-thru businesses or services were affected as long as they adhered to mandated social distancing," which irreparably impeded the fundamentally held religious beliefs of Plaintiff and many others [*Id.* at ¶¶ 25-26].

Plaintiff alleged causes of action under 42 U.S.C. § 1983 and Tenn. Code Ann. § 4-1-407 for deprivation of the rights of free exercise of religion and freedom of assembly [*Id.* at ¶¶ 27-47]. Plaintiff sought a permanent injunction restraining Defendants, their officers, agents, servants, employees, and attorneys, and any persons in active concert or participation with them, from enforcing or complying with Mayor Berke's directive banning drive-in church services; a judgment declaring that Defendants unlawfully burdened Plaintiff's religious free exercise and assembly rights in violation of both the First Amendment to the United States Constitution and the Tennessee Constitution; attorneys' fees and costs; and such other and further relief as the Court deemed just and proper [*Id.* at pg. 10-11]. The parties have since reached a resolution of this matter and now ask the Court to enter an agreed consent decree [Doc. 24].

## II. STANDARD

"A consent decree is essentially a settlement agreement subject to continued judicial policing." *Pedreira v. Sunrise Children's Servs., Inc.*, 802 F.3d 865, 871 (6th Cir. 2015) (quoting *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983)). Consent decrees differ from private settlements in two important respects: "First, when a court enters a consent decree, it retains jurisdiction to enforce the decree. . . . Second, a consent decree puts 'the power and prestige of the court behind the compromise struck by the parties.'" *Id.* (citations omitted). When deciding whether to approve and enter a proposed consent decree, a district court must consider "whether the decree is 'fair, adequate, and reasonable, as well as consistent with the public interest.'" *United States v. Lexington-Fayette Urban Cty. Gov't*, 591 F.3d 484, 489 (6th Cir. 2010). The consent decree must arise out of and resolve a dispute that is within the Court's subject matter jurisdiction, come within the general scope of the case as determined by the pleadings, and "further the objectives of the law upon which the complaint was based." *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986) (citation omitted).

## III. ANALYSIS

After reviewing the Proposed Agreed Consent Judgment and Decree [Doc. 24-1], the Court finds it is fair, reasonable, adequate, and consistent with the public interest. The Proposed Agreed Consent Judgment and Decree provides:

> In the event Defendants do not abide by their assurance that they will both not ban drive thru church services which are conducted in the manner approved by Governor Lee, and abide by Governor Lee's future Executive Orders regarding the need to facilitate and contain COVID-19 and to provide for the free expression and exercise of religion as protected by the Constitution of the United States of America and of the State of Tennessee Plaintiff may petition to reopen this case for appropriate proceedings.

[*Id.* at pg. 3-4]. Both parties are represented by counsel and stated they had telephone conferences to discuss the resolution of this action and have agreed to the resolution of this action in the manner set forth in the Proposed Agreed Consent Judgment and Decree [Doc. 24, pg. 1]. The parties further state their belief that the Proposed Agreed Consent Judgment and Decree is fair, reasonable, and in the public interest [Doc. 24-1, ¶ 8]. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, and the Court finds it has the authority to order the relief requested. *See, e.g.*, *Adams & Boyle, P.C. v. Slatery*, 956 F.3d 913, 930 (6th Cir. 2020) (affirming the district court's issuance of a preliminary injunction enjoining the State of Tennessee from enforcing EO-25 as applied to "procedural abortions"); *see also Tabernacle Baptist Church, Inc. of Nicholasville v. Beshear*, --- F.Supp.3d ----, No. 3:20-CV-00033-GFVT, 2020 WL 2305307, at *6 (E.D. Ky. May 8, 2020) (granting a temporary restraining order enjoining the State of Kentucky "from enforcing the prohibition on mass gatherings with respect to any in-person religious service which adheres to applicable social distancing and hygiene guidelines").

**IV.   CONCLUSION**

For the reasons stated herein, the Court finds the Proposed Agreed Consent Judgment and Decree [Doc. 24-1] is fair, reasonable, adequate, and consistent with the public interest. Therefore, the parties' Joint Motion [Doc. 24] is **GRANTED**. The Court will **APPROVE AND ENTER** the Proposed Agreed Consent Judgment and Decree [Doc. 24-1].

SO ORDERED:

s/ Clifton L. Corker
United States District Judge