UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TURKEISHA DOUGLASS, | : |
| Plaintiff, | : |
| vs. | : CASE NO. 1:20-CV-00101 |
| CITY OF CHATTANOOGA, TENNESSEE and ANDY BERKE, MAYOR, | : |
| Defendants. | : |

**AGREED CONSENT JUDGMENT & DECREE**

1. WHEREAS, on April 9, 2020, Mayor Andy Berke adopted Executive Order 2020-07 which provided for a continuation of the shelter at home state of emergency for the City of Chattanooga, which he was authorized to declare pursuant to Tennessee Code Annotated § 38-9-101 et seq. and § 58-2-101 et seq. and City of Chattanooga Charter, Article 2.1 in response to the COVID-19 pandemic; and pursuant to the authority invested in the Mayor under Tennessee law at Tennessee Code Annotated §§ 38-9-101, et seq. and 58-8-104 and 58-2-110 (3) and City of Chattanooga Code § 20-41, et seq.; and

2. WHEREAS on April 10, 2020 the Mayor Andy Berke posted on Twitter: "we respectfully ask that churches in our area not move forward with 'drive-in' worship services or any other kind of public assembly. Allowing people to gather, even in their cars with the windows rolled up, will be considered a violation of our directives;" and

3. WHEREAS, as a result of this posting, some places of Christian worship cancelled their planned Easter Sunday services although no police action to limit "drive-in" worship services

occurred anywhere in the City of Chattanooga as a result of this posting and the parties recognize that Easter services are a pillar of the Christian faith as it celebrates the resurrection of the Christ figure culminating in the fulfillment of the associated prophecies fundamental to the belief structure of most Christians; and

4. WHEREAS, Plaintiff has asserted that the Mayor's posting of this tweet resulted in three (3) federal civil rights lawsuits to be filed in the Eastern District of Tennessee, including the present action by Plaintiff DOUGLASS, alleging federal and state causes of action under 42 USC § 1983 including the deprivation of the right of free exercise of religion, and the deprivation of the right of freedom of assembly as prohibited by both the Constitution of the State of Tennessee and the United States of America; and

5. WHEREAS, the following Friday on April 17, 2020, after Easter Sunday had passed, the Mayor adopted Executive Order 2020-08 as authorized by Tennessee law which provided for the continuation of certain business closings due to the authority invested in the Mayor under Tennessee Code Annotated §§ 38-9-101, et seq. and 58-8-104 and 58-2-110 (3) and City of Chattanooga Code § 20-41, et seq., after more than 2,000 physicians in this state have signed an online petition asking the Governor to consider a mandatory shelter-in-place order to save lives by stopping the spread of the virus and reducing the strain on hospital systems and COVID-19 continues to present a severe danger to public health and the Governor has issued a stay at home unless engaging in Essential Activities Order as Executive Order No. 27 on April 13, 2020 which remains in effect until 11:59 p.m., CDT on April 30, 2020; and during the pendency of the Mayor's most recent Executive Order extending the period of emergency in the City of

Chattanooga, an extensive storm involving multiple tornados, flash flooding, and high water damages caused major destruction in large areas of the City in East Brainerd near Hamilton Place and adjoining properties;

6. No Executive Orders issued by Mayor Berke had any prohibition on attendance of religious service, however, on the Connect with Chattanooga COVID-19 website, Mayor Berke requested a posting after Easter Sunday that "there will be no prohibition of any drive-in services". On April 28, 2020, Mayor Berke issued another Executive Order as required by Tennessee law which adopted Governor Lee's Executive Order No. 30 issued on April 28, 2020, which strongly limits the ability of local orders in Hamilton County and governs all subjects it concerns, except to the extent that the locally run county health department has issued differing local orders or measures regarding the opening, closure, or operation of businesses, organizations, or venues as provided in Paragraph 13 c of Executive Order No. 30; and the Mayor has announced in all subsequent Executive Orders since April 28, 2020 that the City of Chattanooga would follow the guidelines released by the Governor of Tennessee; and

7. WHEREAS, the Parties to this Consent Decree have negotiated in good faith and have reached a settlement of the issues raised in the instant complaint; and

8. WHEREAS, the Parties recognize, and the Court by entering this Consent Decree, finds that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties and this Consent Decree is fair, reasonable, and in the public interest;

NOW THEREFORE, with the consent of the Parties, it is hereby ORDERED, ADJUDGED and DECREED that this action is dismissed without prejudice and that the Court will retain

jurisdiction for any necessary proceedings to enforce this consent decree for the reasons stated in paragraphs 1-8. In the event Defendants do not abide by their assurance that they will both not ban drive thru church services which are conducted in the manner approved by Governor Lee, and abide by Governor Lee's future Executive Orders regarding the need to facilitate and contain COVID-19 and to provide for the free expression and exercise of religion as protected by the Constitution of the United States of America and of the State of Tennessee Plaintiff may petition to reopen this case for appropriate proceedings:

    I.        JURISDICTION AND VENUE

    1.        This Court is the proper forum and venue for this action and maintains subject matter jurisdiction, supplemental jurisdiction for the state law claims, and jurisdiction over the parties. The parties consent to venue in this court and this judicial district.

    2.        This matter is dismissed without prejudice.

    3.        This Court shall retain jurisdiction over this case until the termination of this Consent Decree or the resolution of all emergency orders issued by the President, Governor, or Mayor concerning COVID-19 as a national state of emergency.

    4.        In the event of a claimed breach of this Consent Decree, Plaintiff may petition to reopen this case for appropriate proceedings.

    II.       COSTS

    3.        All parties shall bear their own costs of this action, and there will be no award of any attorney's fees which could be requested by any party with the following exception:

A. Should the plaintiff take any future action to enforce the terms of this Consent Decree, the Court may be able to consider an award of any reasonable attorney's fees pursuant to 42 U.S.C. § 1988 which should be approved by the Court and any fees and costs associated with enforcing this agreement.

III. TERMINATION

4. This Agreed Consent Decree shall be terminated upon any of the following events:

A. Written agreement of the Parties. or;

B. The swearing in of a new Mayor of the City of Chattanooga, or;

C. The end of a national or regional state of emergency which has been issued by Executive Order of the President or the Governor of the State of Tennessee in response to the COVID-19 pandemic.

**SO ORDERED**.

**ENTER**:

s/ Clifton L. Corker
UNITED STATES DISTRICT JUDGE

APPROVED FOR ENTRY BY:

BARNES LAW

By:   s/ Derek Jordan
    DEREK JORDAN
    601 South Figueroa Street, Ste 4050
    Los Angeles, CA. 90017
    213.330.3341
    robertbarnes@barneslawllp.com

*Attorney for Plaintiff*


CITY OF CHATTANOOGA, TENNESSEE
OFFICE OF THE CITY ATTORNEY


By:   s/ Joseph A. Kelly
    JOSEPH A. KELLY - BPR #14921
    MELINDA J. FOSTER – BPR #28769
    *Assistant City Attorneys*
    PHILLIP A. NOBLETT – BPR #10074
    *City Attorney*
    100 E. 11th Street, Suite 200
    Chattanooga, TN 37402
    (423) 643-8250 – Telephone
    (423) 643-8255 – Facsimile

*Defendants: City of Chattanooga, Tennessee and Andy Berke, Mayor*

Page **6** of **6**

Case 1:20-cv-00101-DCLC-CHS   Document 26   Filed 09/18/20   Page 6 of 6   PageID #: 89